IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LAMONT TAYLOR, D41759, ) | |
| ) | |
| Plaintiff(s), ) | No. C 12-0037 CRB (PR) |
| ) | |
| vs. ) | ORDER OF DISMISSAL |
| ) | |
| SGT. BEAM, et al., ) | (Docket # 6) |
| ) | |
| Defendant(s). ) | |
| ) | |

Plaintiff, a prisoner at California State Prison, Corcoran and frequent litigant in federal court, filed a pro se complaint under 42 U.S.C. § 1983 seeking damages for alleged violations of his federal rights while he was incarcerated at Salinas Valley State Prison (SVSP). He also sought to proceed in forma pauperis under 28 U.S.C. § 1915.

Per order filed on January 23, 2012, the court found that 28 U.S.C. § 1915(g) bars plaintiff from proceeding in forma pauperis in this action because plaintiff: (1) has had three or more prior prisoner actions dismissed by a federal district court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted; and (2) is not seeking relief from a danger of serious physical injury which is imminent at the time of filing. Jan. 23, 2012 Order at 2 (citing cases).

Pursuant to the law of the circuit, plaintiff nonetheless was afforded an opportunity to persuade the court that § 1915(g) does not bar pauper status for him. Id. (citing Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005)). The court gave plaintiff 30 days to "show cause why § 1915(g) does not bar pauper status for him," and explained that "[f]ailure to show cause, or pay the requisite $ 350.00 filing fee, within the designated time will result in the dismissal of this action without prejudice to bringing it in a new paid complaint." Id.

Plaintiff has responded by filing a new prisoner's application to proceed in forma pauperis under 28 U.S.C. § 1915. But he in no way shows in it, or anywhere else, that § 1915(g) does not bar pauper status for him in this prisoner civil rights action. Plaintiff's instant prisoner civil rights action accordingly is DISMISSED without prejudice to bringing it in a paid complaint.

The clerk shall enter judgment in accordance with this order, terminate all pending motions (see, e.g., docket # 6) as moot, and close the file.

SO ORDERED.

DATED: 04/05/2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.12\Taylor, J.12-0037.dismissal.3strikes.wpd